UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEONARD HENRY,

                        Petitioner,

        -against-                                  9:13-CV-0700 (LEK/TWD)

D. HUDSON,

                        Respondent.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Leonard Henry ("Petitioner") has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition"). He is confined at the Federal Correctional Institution at Ray Brook and has paid the required filing fee. For the following reasons, the Petition is dismissed for lack of jurisdiction.

**II.    BACKGROUND**

    **A. Past Petitions**

On November 4, 1994, Petitioner was convicted by a jury in the U.S. District Court for the Southern District of Florida of conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 841, and other, related charges. United States v. Henry, No. 93-CR-0123, Dkt. No. 234. Petitioner was sentenced on June 10, 1995, to serve an aggregate term of life in prison. Id., Dkt. No. 309. Petitioner appealed, and he states that his judgment of conviction was affirmed on September 2, 1999. Pet. at 3.

On February 13, 2001, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Henry v. United States, No. 01-CV-0567, Dkt. No. 1. His motion was denied on the

merits. Id., Dkt. Nos. 19, 20. Petitioner then filed a series of motions for relief and reconsideration, each of which was denied. See id., Dkt. No. 77. On March 22, 2012, the Eleventh Circuit denied Petitioner's motions for a certificate of appealability and for leave to appeal *in forma pauperis*, in connection with what appears to be the last in the series of Petitioner's motions. See id., Dkt. No. 104. Reconsideration was denied on May 17, 2012. Id., Dkt. No. 105.

Petitioner has also filed several § 2241 petitions in the U.S. District Court for the Middle District of Pennsylvania challenging his judgment of conviction. In the first, filed on April 8, 2009, Petitioner claimed that: (1) he was actually innocent of the charge of possessing a machine gun because the Government failed to prove that the gun fell within the statutory definition of a machine gun or that he knew that the gun was automatic; and (2) his sentence was "being executed in violation of the Fifth Amendment" of the U.S. Constitution. Henry v. Holt, No. 09-CV-0644, Dkt. Nos. 1 at 2; 6 at 1-3. On June 9, 2009, the district court found that the petition was more properly brought pursuant to § 2255, and that § 2255 was not inadequate or ineffective to test the validity of his conviction. Id., Dkt. No. 6 at 4-6. The district court therefore dismissed the petition for lack of jurisdiction. Id. at 6.

On May 10, 2012, Petitioner filed his second § 2241 petition in Middle District of Pennsylvania. In the petition, he claimed that his convictions carried a maximum sentence of twenty years in prison and, therefore, his life sentence was not in accordance with 18 U.S.C. § 3581. Henry v. Warden, USP-Canaan, No. 12-CV-0879, Dkt. Nos. 1 at 7; 4 at 2. On May 31, 2012, the district court again dismissed the petition for lack of jurisdiction, finding that Petitioner's claims were more properly brought pursuant to § 2255 and that § 2255 was not inadequate or ineffective. Id., Dkt. No. 4 at 5-7.

Petitioner filed a third § 2241 petition in the Middle District of Pennsylvania on June 22, 2012. Henry v. Ebbert, No. 12-CV-1195, Dkt. No. 1. Petitioner argued that he was "actually innocent" of possessing a machine gun because the trial court did not properly instruct the jury as to all of the required elements of the offense. Id. at 7-11. In an order filed on July 11, 2012, the district court noted that Petitioner had filed a similar § 2241 petition in that court in April 2009. Id., Dkt. No. 6 at 2-3. The district court dismissed the petition, finding that Petitioner again failed to show that § 2255 was inadequate or ineffective to challenge his conviction and that Petitioner did not obtain permission from the Eleventh Circuit to file a successive § 2255 motion. Id. at 5-6. Petitioner appealed, and on November 21, 2012, the Third Circuit Court of Appeals affirmed. Id., Dkt. No. 12.

### B. The Instant Petition

In his current Petition, Petitioner claims "actual innocence" of his life sentence because the trial court did not instruct the jury on the "chemical composition involved in" the offense charged under 21 U.S.C. § 842(a)(1). Pet. at 7. He claims that there was no mention at his trial of any drug, including 300 kilograms of cocaine, until the sentencing proceeding, so he did not ask for an "instruction on Chemical Composition that could have be[en] proved as an element of the offense." Id. at 11. Petitioner argues that the Supreme Court's decision in DePierre v. United States, 131 S. Ct. 2255 (2011), constitutes a "new federal statutory interpretation" that should apply in his case. Pet. at 11. Petitioner also argues that he is "actually innocent" of his life sentence because it exceeded the statutory maximum for his conviction under 21 U.S.C. § 841(a)(1), and his sentence is cruel and unusual and was imposed in violation of 18 U.S.C. § 3581. Id. at 8, 12.

Petitioner states that § 2255 is inadequate or ineffective to challenge his conviction because

3

the case law upon which he relies was not available when he filed his first § 2255 motion. Id. at 6. He also claims that he is actually innocent "on offense [sic] which is no longer criminal," *i.e.*, his life sentence. Id.

### III. LEGAL STANDARD

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 or 2255. See Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" Morales v. United States, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. §2255(a)); Adams, 372 F.3d at 134; McQueen v. Shult, No. 08-CV-0903, 2008 WL 4757356, at *2 (N.D.N.Y. Oct. 28, 2008). A motion pursuant to § 2255 must be brought in the sentencing court. Boumediene v. Bush, 553 U.S. 723, 774-75 (2008).

By contrast, § 2241 is the proper vehicle to challenge the execution of a sentence. Adams, 372 F.3d at 135; see also 28 U.S.C. § 2241. For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under § 2241 must name the petitioner's warden as the respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective to test the legality

of his detention." 28 U.S.C. § 2255(e); Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003); Triestman v. United States, 124 F.3d 361 (2d Cir. 1997). This "savings clause" provision exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." Triestman, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." Cephas, 328 F.3d at 104 (internal quotation marks omitted).

**IV.  DISCUSSION**

That Petitioner has invoked § 2241 does not require the Court to so construe his Petition. Rather, "'it is the substance of the petition, rather than its form, that' governs." Cook, 321 F.3d at 278 (quoting James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)). It is clear that Petitioner is challenging the validity of his underlying conviction and the imposition of his sentence rather than the execution of his sentence. See generally Pet. The Petition therefore is properly brought pursuant to § 2255.

Petitioner likely brought this action pursuant to § 2241 because he cannot meet the gate-keeping requirements of § 2255. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, before a petitioner may file a second or successive habeas petition in which he challenges the same conviction, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without

authority from the Court of Appeals.  Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010); Torres v. Senkowski, 316 F.3d 147, 149-52 (2d Cir. 2003).  A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice."  Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (finding that a habeas petition challenging a state-court conviction was a second or successive petition because the petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court").

Here, Petitioner previously filed a § 2255 motion in the Southern District of Florida, and the motion was adjudicated on the merits.  See Henry, No. 01-CV-0567, Dkt. Nos. 1, 19-20.  His current Petition, if construed as a § 2255 motion, would therefore be a second or successive motion.

When a petitioner files a § 2241 petition

in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

Adams, 372 F.3d at 136 (internal citations omitted).  The Court elects to follow the latter course.  Treating this Petition as a second or successive § 2255 motion and transferring it to the appropriate circuit court—here, the Eleventh Circuit—would be inefficient.  Nothing in the Petition indicates that Petitioner could satisfy either of the prerequisites for receiving permission to file a second or successive petition, *i.e*., that the Petition is supported by newly discovered evidence or a new rule of

constitutional law that has been made retroactively applicable to cases on collateral review.

Even if the Eleventh Circuit were to certify a second or successive § 2255 motion, the Court would lack jurisdiction to entertain that petition or to modify Petitioner's sentence. A petitioner must file § 2255 motion in the sentencing court. See 28 U.S.C. § 2255; Williams, 2005 WL 1541099, at *1. Petitioner was sentenced in the Southern District of Florida. This Petition must therefore be dismissed unless Petitioner can demonstrate that a remedy under § 2255 is inadequate or ineffective, *i.e.*, that he is actually innocent and that his claims could not have been raised earlier. The Second Circuit has held that a remedy under § 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." Adams, 372 F.3d at 135 (citing Jiminian, 245 F.3d at 147-48).

Petitioner has failed to demonstrate that § 2255 is an inadequate remedy. He argues that § 2255 is inadequate or ineffective to challenge his conviction because he is "actually innocent" of his life sentence. According to Petitioner, the judge, and not a jury, found him guilty of possessing 300 kilograms of cocaine, and his sentence exceeded the statutory maximum sentence for his offense and was imposed in violation of 18 U.S.C. § 3581. Pet. at 6, 11-13. The substance of these claims was, however, available to Petitioner in his prior § 2255 motion, and he in fact raised substantially similar claims in that motion. See Henry, 01-CV-0567, Dkt. No. 1. For example, Petitioner argued in his § 2255 motion that counsel was ineffective for failing to argue that Petitioner was "not eligible" for sentencing "under the Mandatory Minimum provision of Title 21 U.S.C. 841(b)(1)(A) when the element of 'Mixture And Substance' was not presented to the jury

and proved at trial." Id. at Ground Thirteen. He further argued that the trial court was not authorized to impose a life sentence for his conspiracy conviction under 21 U.S.C. § 846 because he was "mistakenly sentenced for the weight of cocaine" instead of "the weight of the mixture and substance as charged in the indictment." Id. at Ground Fourteen. Additionally, Petitioner has previously raised his claim that his underlying convictions carried a maximum sentence of twenty years in prison and, therefore, his life sentence was not in accordance with 18 U.S.C. § 3581. Henry, No. 12-CV-0879, Dkt. Nos. 1; 4 at 2, 5-7. Under these circumstances, Petitioner cannot demonstrate that his current sentencing claims were previously unavailable to him.

Petitioner's reliance upon the Supreme Court's decision in DePierre, 131 S. Ct. 2225, in support of his argument that § 2255 is inadequate or ineffective is misplaced. Petitioner argues that DePierre constitutes a new "federal statutory interpretation" previously unavailable to him that should be applied retroactively to his case. Pet. at 6. According to Petitioner, DePierre stands for the proposition that a "prisoner whose conviction is rested on [an] instruction that failed to identify the Chemical Composition as an element of the offense" under 21 U.S.C. § 841(b)(1) "must be vacated." Id. at 11.

While DePierre post-dated Petitioner's conviction, appeal, and first § 2255 motion, that case did not de-criminalize his conduct, and the record does not support an argument that he was convicted of conduct that did not constitute a crime. The Supreme Court in DePierre simply held that the statutory term "cocaine base," as used in 21 U.S.C. § 841(b)(1), means not just "crack cocaine," as the defendant in that case argued, but "cocaine in its chemically basic form." DePierre, 131 S. Ct. at 2237. Additionally, the Supreme Court has not held that DePierre applies retroactively

to cases on collateral review.[1]

In light of the foregoing, Petitioner cannot show that the failure to allow collateral review of his claims would raise serious constitutional questions or that § 2255 is inadequate or ineffective to test the legality of his conviction. Therefore, this action is dismissed for lack of jurisdiction.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

---

[1] See Wilson v. United States, 475 F. App'x 530, 531 (5th Cir. 2012) ("DePierre did not decriminalize Wilson's criminal conduct and has not been held to be retroactively applicable."); Joyner v. Withers, No. 12-CV-0246, 2013 WL 2382967, at *4 (E.D. Ky. May 30, 2013) ("DePierre is not retroactively applicable to cases on collateral review. The two federal appellate courts that have addressed this issue have held that claims predicated upon DePierre are not cognizable in habeas petitions filed under § 2241.") (citing Wilson, 475 F. App'x 530; Fields v. Warden, FCC Coleman-USP 1, No. 11-14997, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012)); Knight v. Sepanak, No. 12-CV-0054, 2013 WL 323949, at *3 (E.D. Ky. Jan. 28, 2013) ("[T]he DePierre decision did not create a new class of prisoners who found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law. Because the DePierre decision did not de-criminalize the conduct for which he was convicted[, the petitioner cannot] satisf[y] the requirements of § 2255's savings clause." (internal quotation marks and citations omitted)); United States v. Williams, No. 12-CV-4800, 2013 WL 139635, at *2 (S.D.N.Y. Jan. 11, 2013) ("In DePierre, the Supreme Court clarified that the phrase 'cocaine base' as used in 21 U.S.C. § 841(b)(1)(A)(iii) includes all forms of base cocaine, not just crack cocaine. It is not retroactively applicable, did not recognize a new constitutional right, and cannot confer timeliness upon Petitioner's instant motion under § 2255(f)(3)." (citation omitted)); Chestnut v. United States, No. 12-CV-0697, 2012 WL 3262728, at *2 (S.D. Ill. Aug. 9, 2012) (holding that DePierre "did not establish a new rule of constitutional law nor make any such rule retroactive to cases on collateral review." (internal quotation marks and citation omitted)).

DATED:  August 06, 2013
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge